# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

THEODORE STEVENS,

    Plaintiff,

v.

JAMES DZURENDA *et al.*,

    Defendants.

Case No. 2:16-cv-02166-RFB-CWH

**<u>ORDER</u>**

## I. INTRODUCTION

Before the Court is Plaintiff Theodore Stevens ("Plaintiff")'s Motion in Support of Equal Protection Claim (ECF No. 25), and Plaintiff's Motion for Entry of Clerk's Default (ECF No. 35). For the reasons stated below, these motions are both denied.

## II. BACKGROUND

Plaintiff's operative First Amended Complaint (ECF No. 18) was screened by the Court on August 12, 2017 (ECF No. 19). The portion of Count I alleging Equal Protection violations was dismissed with prejudice. The portion of Count I alleging conditions of confinement as to outdoor exercise proceeded against Defendants Laxalt, Dzurenda, Tristin, Hickman, Byrne, Borrowman, Williams, Stroud, Nash, Howell, Filson, Russell, Tobin, and Cagle. Count II, alleging equal protection violations, was also dismissed with prejudice against Defendants Cox, Masto, Neven, Stroud, Nash, Filson, and Howell. The case was stayed for 90 days to allow the parties to engage in early mediation. The Office of the Attorney General of the State of Nevada ("AGO") was ordered to advise the Court within twenty-one days of the date of the Order whether the AGO would enter a limited notice of appearance on behalf of Defendants for the purpose of settlement.

An Early Mediation Conference was held on October 6, 2017. A settlement was not reached and the case returned to the normal litigation track. (ECF No. 22). The AGO filed a Status Report regarding the results of the 90-day stay on October 31, 2017. (ECF No. 23). The Status Report indicated that a settlement was not reached by the parties.

On November 2, 2017, the Court entered an Order directing the clerk to serve the First Amended Complaint upon the AGO. (ECF No. 24). Service was to be perfected within ninety days of the date of the Order, and the AGO was given twenty-one days to file a notice advising the Court and Plaintiff of: "(a) the names of the defendants for whom it accepts service; (b) the names of the defendants for whom it does not accept service, and (c) the names of the defendants for whom it is filing the last-known-address information under seal." On November 6, 2017, Plaintiff filed the instant Motion in Support of Equal Protection Claim. (ECF No. 25). No Response was filed. On November 27, 2017, the AGO filed a Notice of Acceptance of Service as to Defendants Laxalt, Dzurenda, Tristan, Borrowman, Nash, Filson, Howell, and Williams. (ECF No. 28). The AGO also indicated that it anticipated accepting service for Russell, Tobin, and Cagle, but had not received a formal request for representation of those Defendants at that time.

Plaintiff filed the instant Motion for Entry of Clerk's Default on December 27, 2017. (ECF No. 35). No Response was filed. On January 2, 2018, Defendants Borrowman, Dzurenda, Filson, Howell, Cagle[1], Laxalt, Nash, Russell, Tobin, Tristan, and Williams filed an Answer to the First Amended Complaint. (ECF Nos. 36, 37).

### III. LEGAL STANDARDS

#### A. Motion for Reconsideration

"As long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper, 254 F.3d 882, 885 (9th Cir. 2001) (citation and quotation marks omitted). However, "a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented

---

[1] Defendant Cagle is identified in the First Amended Complaint as "K. Lagle."

- 2 -

with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (citation and quotation marks omitted). A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Id. (citation and quotation marks omitted).

### B. Motion for Default Judgment

The granting of a default judgment is a two-step process directed by Rule 55 of the Federal Rules of Civil Procedure. Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir. 1986). The first step is an entry of default, which must be made by the clerk following a showing, by affidavit or otherwise, that the party against whom the judgment is sought "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). The second step is entry of a default judgment under Rule 55(b), a decision which lies within the discretion of the court. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). Factors which a court, in its discretion, may consider in deciding whether to grant a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of the substantive claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of a dispute of material fact, (6) whether the default was due to excusable neglect, and (7) the Federal Rules' strong policy in favor of deciding cases on the merits. Eitel, 782 F.2d at 1471-72. If an entry of default is made, the court accepts all well-pleaded factual allegations in the complaint as true; however, conclusions of law and allegations of fact that are not well-pleaded will not be deemed admitted by the defaulted party. DirecTV, Inc. v. Hoa Huynh, 503 F.3d 847, 854 (9th Cir. 2007).

## IV. DISCUSSION

### A. Plaintiff's Motion in Support of Equal Protection Claim

Plaintiff argues that his equal protection claims were improperly dismissed. He cites to a case before a different district court judge in support of his argument, contending that he raises the same allegations as the plaintiff in that matter and therefore his equal protection claims should

/ / /

survive. The Court construes his request as a motion for reconsideration of dismissal of the claims in the Screening Order.

The Court finds that there is no basis to grant Plaintiff's request. Not only does Plaintiff cite to a nonbinding case before another Court, he also does not address the deficiency set forth in the Screening Order – namely, that as an inmate at High Desert State Prison ("HDSP"), he is not similarly-situated to the inmates at Lovelock Correctional Center ("LCC"), Northern Nevada Correctional Center ("NNCC"), Warm Springs Correctional Center ("WSCC"), and Southern Desert Correctional Center ("SDCC"). As the Court stated in its Screening Order, Plaintiff is not similarly situated to the inmates at these other facilities because the inmates reside at different prisons. As Plaintiff offers no new evidence, and has not demonstrated that the Court committed clear error or that there has been a change in binding law, the Motion is denied.

**B.     Plaintiff's Motion for Entry of Clerk's Default**

Plaintiff requests that the Clerk of Court enter an order for default judgment as 45 days had passed without Defendants Russell, Tobin, and Cagle appearing or otherwise answering in any way. To the extent that Plaintiff requests default judgment, the Court does not find that Plaintiff has followed the two-step process required by Eitel. The Court also finds that default judgment is unwarranted. The Court does not find that Plaintiff is prejudiced, as the Notice of Appearance indicated that these Defendants were likely to be represented by the AGO. Further, Plaintiff has not shown that he will suffer prejudice as a result of these Defendants remaining in the action. The Court also finds that the merits and sufficiency of the allegations weigh against default judgment, as Plaintiff has one surviving claim and that claim depends upon whether Plaintiff can provide sufficient evidence of a substantial deprivation. While the amount of money at stake is not a heavily weighted factor, the Court does find that a determination on the merits is needed to justify the $5000 judgment Plaintiff requests against each of these Defendants. Finally, the Court finds that these Defendants in their Answer have disputed that Plaintiff's Eighth Amendment rights have been violated in regards to the conditions of his confinement. In light of these factors, and the strong policy in favor of deciding cases on the merits, the Court denies the Motion.

/ / /

## V. CONCLUSION

**IT IS ORDERED** that Plaintiff's Motion in Support of Equal Protection Claim (ECF No. 25) is DENIED.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Clerk's Entry of Default (ECF No. 35) is DENIED.

**IT IS FURTHER ORDERED** that the parties jointly file a Proposed Discovery Plan and Scheduling Order by October 24, 2018.

DATED this 24th day of September, 2018.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**